UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.

    Case No. 2:21-CR-144
    Judge Edmund A. Sargus, Jr.

DANIEL PATRICK MURPHY,

    **Defendants.**

## OPINION AND ORDER

This matter arises on Defendant's Motion for Reconsideration re Judgment. (ECF No. 40). For the reasons stated below, Defendant's Motion for Reconsideration re Judgement is **DENIED**. (ECF No. 40).

### A. Background

On July 14, 2022, Murphy was sentenced before this Court for possession of a firearm by a convicted felon in violation of 18 U.S.C. 922(g)(1) and 924(a)(2). (ECF No. 37). He was sentenced to 51 months of imprisonment, minus time served, and three years of supervised release. (*Id*.). During his sentencing hearing, Murphy's attorney objected to the application of a United States Sentencing Guidelines enhancement. This enhancement was based on Murphy's previous conviction for aggravated robbery, under Ohio Revised Code § 2911.02(A)(2). The Court ultimately concluded that the conviction was a sufficient basis for an enhancement, as aggravated robbery was a "crime of violence" under the Guidelines enumerated offenses clause of section 4B1.2(a).

Eight days after Murphy was sentenced, the Sixth Circuit decided the case *United States v. Butts*, 2022 U.S. App. LEXIS 20552. There, the court held that a "Ohio Revised Code § 2911.02(A)(2) robbery conviction predicated on a § 2913.02 theft offense does not qualify as a crime of violence under the 'elements clause' of § 4B1.1(a)." *Butts*, 2022 U.S. App. LEXIS 20552, at *774.

### B. Relevant Law

#### § 4B1.1. Career Offender

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

#### § 4B1.2. Definitions of Terms Used in Section 4B1.1

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

### C. Analysis

Defendant asserts "that in light of the recent ruling in *Butts*, his robbery conviction should not stand as a crime of violence either under the elements clause or under an enumerated clause analysis." (ECF No. 40, Page 2). However, his argument cannot prevail.

Defendant's request fails as a matter of substance. Although Defendant relies upon *Butts* to argue that his aggravated robbery conviction should not be calculated as a crime of violence, the actual decision is inapplicable to this case by its very terms. The court in *Butts* held that "Butts's Ohio Revised Code § 2911.02(A)(2) robbery conviction predicated on a § 2913.02 theft offense

does not qualify as a crime of violence under the 'elements clause' of § 4B1.1(a)." *Butts*, 2022 U.S. App. LEXIS 20552, at *774.  Here, Murphy's sentence was enhanced under enumerated offenses clause of § 4B1.2(a).  The court in *Butts* did not reach the question of whether aggravated robbery was a "crime of violence" under § 4B1.2(a).  "We do not reach the question of whether Butts's robbery conviction nonetheless qualifies as generic robbery under the 'enumerated-offenses clause' of § 4B1.2(a)." *Butts*, 2022 U.S. App. LEXIS 20552, at *1 n.1.

Further, existing district court precedent indicates that Murphy's aggravated robbery conviction does qualify as generic robbery under the 'enumerated-offenses clause' of § 4B1.2(a)(2).  "Ohio's aggravated robbery statute constitutes a crime of violence under the enumerated offense clause in Section 4B1.2(a)(2)." *United States v. Brown*, 601 F. Supp. 3d 267, 275 (N.D. Ohio 2022); see also *United States v. Banks*, 2017 U.S. App. LEXIS 22257, at 5 (6th Cir. Nov. 6, 2017) ("Banks's robbery conviction also qualifies as a crime of violence under the post-August 1, 2016 guidelines' enumerated-offense clause.").

Defendant cannot identify a change in law that justifies a modification of his sentence.  As such, his claim must be **DENIED**.

### D. Conclusion

For the reasons stated above Defendant's Motion for Reconsideration re Judgement is **DENIED**.  (ECF No. 40).  This case is closed.

    **IT IS SO ORDERED.**


**3/23/2023**                                                     **s/Edmund A. Sargus, Jr.**
**DATE**                                                           **EDMUND A. SARGUS, JR.**
                                                                                  **UNITED STATES DISTRICT JUDGE**